*E-FILED 06-30-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and EMMANUEL E. OROSA, Revenue Officer,<br><br>  Petitioners,<br>  v.<br><br>MICHAEL CANUL,<br><br>  Respondent. | No. C11-01658 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION THAT VERIFIED PETITION TO ENFORCE IRS SUMMONS BE GRANTED**<br><br>**[Re: Docket No. 1]** |

This matter is before the court on an order to show cause why respondent Michael Canul should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons. Respondent did not file any papers in response to the order to show cause, nor did he appear at the June 28, 2011 hearing. Because respondent has not consented to proceed before a magistrate judge, the undersigned has prepared a report and recommendation and directs the Clerk of the Court to reassign this case to a District Judge. Having considered the moving papers and all other evidence of record, this court recommends that the petition be GRANTED.

**I. BACKGROUND**

According to the petition, the IRS is conducting an investigation as part of a collection effort for certain unpaid tax liabilities of respondent. Pet. ¶ 4. Petitioners seek records,

1  documents and other information from respondent concerning the IRS's inquiry.  See id. ¶ 6.
2  On December 14, 2010, petitioners personally served two summonses on respondent.  See id. ¶
3  7 and Ex. A.  This was proper service under 26 U.S.C. § 7603.  Respondent did not appear on
4  January 10, 2011 as requested.  By letter dated February 8, 2011 petitioner gave respondent
5  another opportunity to comply by appearing before them, but again, respondent failed to appear.
6  See id. ¶¶ 9-11 and Ex. B.

7  Petitioners filed the instant verified petition to enforce the summonses.  This court
8  issued an order to show cause, setting a hearing for June 28, 2011.  Respondent was personally
9  served on April 26, 2011 at his business address in San Jose.  See Docket #6.  However,
10 respondent did not file a written response to the order and did not appear at the June 28, 2011
11 hearing.

## II.  DISCUSSION

13 Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the
14 investigation of any taxpayer's liability.  Summons may be issued for the purposes of
15 "ascertaining the correctness of any return, making a return where none has been made,
16 determining the liability of any person for any internal revenue tax or . . . collecting any such
17 liability."  26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir.
18 1999) (quoting 26 U.S.C. § 7602(a)).  To enforce a summons, the IRS must establish a prima
19 facie case for enforcement by showing that the summons (1) is issued for a legitimate purpose;
20 (2) seeks information relevant to that purpose; (3) seeks information that is not already in the
21 IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal
22 Revenue Code.  United States v. Powell, 379 U.S. 48, 57-58 (1964).  "'The government's
23 burden is a slight one, and may be satisfied by a declaration from the investigating agent that
24 the Powell requirements have been met.'"  Crystal, 172 F.3d at 1144 (quoting United States v.
25 Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)).

26 In the instant case, petitioners have met their initial burden of showing that the Powell
27 elements have been satisfied by Revenue Officer Orosa's declaration.  Here, the verified
28 petition indicates that the IRS's investigation is being conducted for a legitimate purpose of

inquiring into taxes owed by the respondent and any related tax offenses. See Pet. ¶ 3. The summonses indicate that respondent has tax liabilities for the years 2008 and 2009 due to unfiled employer and personal federal income tax returns. See id., Ex. A. The summonses ask him to appear and bring documents relevant to these tax liabilities. See id. The petition further indicates that there has been no referral for criminal prosecution of this matter and that all administrative steps required by the internal Revenue Code for the issuance of the summonses have been taken. See Pet. ¶¶ 6, 12, 13 and Exs. A and B.

Respondent was duly served with notice of these proceedings, however, he has failed to respond to the verified petition or the court's order to show cause. Accordingly, he has not met his burden of showing an abuse of process or lack of good faith on the part of the IRS.

### III. RECOMMENDATION

Based on the foregoing, this court recommends that the petition be granted and that an order be issued enforcing the IRS summonses and directing respondent to appear before the IRS on a date certain to provide testimony and produce the requested documents and records.

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.

Petitioners are instructed to promptly serve a copy of this report and recommendation on respondent and to file a proof of service with the court.

Dated:   June 30, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1    5:11-cv-01658 Notice electronically mailed to:

2    Thomas M. Newman thomas.newman2@usdoj.gov

3    Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.