UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA AND EMMANUEL E. OROSA, REVENUE AGENT, <br><br>Petitioners, <br><br>v. <br><br>MICHAEL CANUL, <br><br>Respondent. | Civil Case No.: 11-CV-01658-LHK <br><br>ORDER GRANTING PETITIONERS' APPLICATION FOR ENTRY OF JUDGMENT |

Petitioners, the United States of America and IRS agent Emmanuel Orosa, request, *see* ECF No. 25, that the Court enter judgment in the amount of $62,750, which consists of a monetary civil contempt fine of $250 per day imposed by this Court in its December 2, 2011 Order Finding Respondent in Contempt, *see* ECF No. 21. This fine is calculated from December 2, 2011 until August 10, 2012, the date on which Respondent, Michael Canul, finally complied with the Court's July 26, 2011 Order Enforcing the IRS Summons. *See* ECF No. 11 ("Order Enforcing Summons"). Respondent has not filed an opposition to Petitioners' application for entry of judgment. Pursuant to Civil Local Rule 7–1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing on Petitioners' motion scheduled for February 20, 2014, at 1:30 p.m. Having considered Petitioners' application for entry of judgment, the record in

1

Case No.:11-CV-01658-LHK
ORDER GRANTING PETITIONERS' APPLICATION FOR ENTRY OF JUDGMENT

this case, and Respondent's compliance with the Court's Order Enforcing the Summons on August 10, 2012, the Court hereby ENTERS JUDGMENT against Respondent in the amount of $62,750.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Discounttaxnet failed to file timely tax returns for various time periods in 2008 and 2009. ECF No. 1 at ¶ 4. Accordingly, in order to obtain information to prepare tax returns for Discounttaxnet, on December 14, 2010, Petitioner Emmanuel Orosa personally served Respondent, the President of Discounttaxnet, with an IRS summons, requiring Respondent to appear before Petitioner Emmanuel Orosa on January 10, 2011 to produce certain testimony and documents required by the summons. *Id.* ¶ 7. Respondent did not appear on January 10, 2011, as required by the summons. *Id.* ¶ 9. Due to the Respondent's failure to comply with the summons, Petitioners filed a Verified Petition to Enforce an Internal Revenue Service Summons in this Court. *Id.* On April 18, 2011, this Court entered its Order To Show Cause Regarding Enforcement Of IRS Summons and required Respondent to appear before this Court on June 28, 2011. ECF No. 5. Respondent failed to appear at the June 28, 2011 Order to Show Cause Hearing. ECF No. 7.

On July 26, 2011, this Court adopted Magistrate Judge Lloyd's Report and Recommendation to enforce the IRS Summons, and ordered Respondent to appear before Petitioner Emmanuel Orosa on August 8, 2011 to produce the testimony and documents requested in the IRS summons. ECF No. 11 ("Order Enforcing Summons"). Respondent failed to appear before Petitioner Emmanuel Orosa on August 8, 2011. ECF No. 14 ¶ 2. On August 30, 2011, Petitioners applied for an Order to Show Cause Regarding Contempt. ECF No. 13. On September 6, 2011, this Court issued an Order to Show Cause Regarding Contempt, ordering the Respondent to appear on December 1, 2011, and to show cause, if any, why he should not be held in contempt for his failure to comply with this Court's Order to Show Cause Regarding Enforcement of IRS Summons filed July 26, 2011. ECF No. 17. On September 6, 2011, pursuant to Rule 4(e)(2), Respondent was served with the Order to Show Cause Regarding Contempt. *Id.*

On December 2, 2011, this Court held that Respondent had not complied with the summons because Respondent failed to provide Petitioners with the summoned records or testimony. ECF No. 21 ("Order Finding Respondent in Contempt"). The Court held that Respondent was in

2

1  contempt of this Court's Order Enforcing Summons, and ordered that Respondent be fined $250
2  per day from the date of the Order Finding Respondent in Contempt until the date that Respondent
3  complied with the July 26, 2011 Order Enforcing Summons. *Id.* The Court further ordered that if
4  Respondent complied with the Order Enforcing Summons within thirty days of the Order Finding
5  Respondent in Contempt, Respondent would be purged of any $250 per day fine that might have
6  accrued against him for his failure to comply with the Order Enforcing Summons. *Id.*

7  Respondent failed to comply with the Order Finding Respondent in Contempt within thirty
8  days. ECF No. 25-2, ¶ 2 (Declaration of Emmanuel Orosa). Sometime before June 8, 2012,
9  Respondent sent counsel for the United States, Michael Pitman, a letter stating that several tax
10 returns had been filed on behalf of Discounttaxnet. ECF No. 25-1 at 5.[1] On June 8, 2012, Pitman
11 sent Respondent a letter informing him that he remained in contempt of the Order Enforcing
12 Summons. ECF No. 25-1 at 8. Having received no response, on August 6, 2012, Pitman sent
13 another letter to Respondent informing him that Respondent remained in contempt of the Order
14 Enforcing Summons. ECF No. 25-1 at 17. Pitman declares that on August 8, 2012, he and
15 Respondent spoke over the phone at which point Pitman explained to Respondent that the filing of
16 tax returns on behalf of Discounttaxnet did not excuse Respondent's obligation to comply with the
17 Summons because the Summons sought information regarding Discounttaxnet's finances, not tax
18 returns. ECF No. 25-1 at 3. On August 10, 2012, Respondent finally provided documents to the
19 IRS in response to the summons which "were arguably an attempt to comply with the Summons."
20 ECF No. 25-2 at ¶2 (Orosa Declaration) ("Respondent provided books and records to me at my
21 office. . . . The books and records were not a complete response to the Summonses because they
22 did not cover all dates requested").

23 In the instant application for entry of judgment, Petitioners argue that because Respondent
24 "arguably" complied with the Order Enforcing Summons on August 10, 2012, the Court's civil
25 contempt fines accrued from December 2, 2011 until August 10, 2012. The total monetary fine
26 Petitioners claim is owed is $62,750 ($250 per day for 251 days). Accordingly, Petitioners request
27 that the Court enter judgment in the amount of $62,750. ECF No. 25.

28

---

[1] The record is unclear regarding the date this letter was mailed or received.

3
Case No.:11-CV-01658-LHK
ORDER GRANTING PETITIONERS' APPLICATION FOR ENTRY OF JUDGMENT

## II.  LEGAL STANDARD

Once a party has been found in contempt of an order enforcing an IRS summons, the court may impose criminal or civil contempt sanctions. *See United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980). The Ninth Circuit has held that a $500 daily fine is "well within the range of appropriate sanctions to secure compliance with a tax summons." *U.S. v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010).

## III.  JUDGMENT AND ORDER

Having considered the Petitioners' Application for Entry of Judgment, the record in this case, and Respondent's arguable compliance with the Court's Order Enforcing Summons on August 2, 2010, the Court agrees with Petitioners that Respondent failed to comply with this Court's Order Enforcing Summons until he sent certain documents to Petitioner Orosa on August 10, 2012. This Court's December 2, 2011 order gave Respondent an opportunity to purge any civil contempt fines if he complied with the Court's Order Enforcing Summons within thirty days of the December 2, 2011 Order.  The record makes clear that Respondent did not comply within that time frame. Nor has Petitioner filed any opposition to Petitioners' request for entry of judgment that suggests otherwise. Accordingly, the Court finds that civil contempt fines must be imposed pursuant to this Court's December 2, 2011 Order, which held that Respondent would be fined $250 per day until he complied with the Order Enforcing Summons.

The Court finds that Respondent was in contempt of this Court's Order Enforcing Summons from July 26, 2011 to August 10, 2012. Pursuant to the Court's December 2, 2011 Order, a fine of $250 per day accrued against Respondent during the 251 days between December 2, 2011 and August 10, 2012. Accordingly, this Court hereby ENTERS FINAL JUDGMENT against Respondent in the amount of $62,750. Respondent is ordered to pay to the Clerk of United States District Court for the Northern District of California the sum of $62,750, and to file confirmation that such payment has been made, no later than 30 days after the issuance of this Order. Failure to comply with the terms of this Order may result in the imposition of additional sanctions.

**IT IS SO ORDERED.**

Dated: January 6, 2014


LUCY H. KOH
United States District Judge